JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-21 JGB (KKx)** | Date | January 12, 2023 |
|---|---|---|---|
| Title | *HSBC Bank USA National Association v. Jorge Gutierrez et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order REMANDING Case to Riverside County Superior Court (IN CHAMBERS)

Before the Court is a Notice of Removal filed by Defendant Jorge Gutierrez on January 6, 2023. ("Notice of Removal," Dkt. No. 1.) After considering the Notice of Removal, the Court *sua sponte* REMANDS the case to the Riverside County Superior Court.

### I.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]"). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

The district court may remand the case *sua sponte* or on the motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). Such questions must be addressed at the outset of a case: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514 (1868). Thus, the Court must ordinarily address any jurisdictional questions first, before reaching the merits of a motion or case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

## II.   DISCUSSION

The Court finds that Defendant has not met his burden to demonstrate grounds for removal jurisdiction and that the Notice of Removal is procedurally defective.

On January 6, 2023, Defendant filed the Notice of Removal. (Notice of Removal.) Defendant did not attach a complaint to the Notice of Removal or any other document that would indicate when the action was filed in state court, what causes of action were asserted, or what the case is about. From what the Court can discern, attached to the Notice of Removal are (1) an ex parte application to set a hearing on a motion for summary judgment filed by Plaintiff; and (2) various documents related to a loan, a property and Defendant's possible default on said loan. (See Notice of Removal.) Defendant also attached a Civil Cover Sheet. ("Civil Cover Sheet," Dkt. No. 1-1.)

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Id. § 1446(b)(1). The Notice of Removal is thus procedurally defective because it (1) does not contain a "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" and does not contain an initial pleading that indicates when the action was filed, and thus whether Defendant timely removed it. See 28 U.S.C. § 1446(a), (b)(1). These are fundamental procedural deficiencies, not technical defects, requiring remand.

The Court also finds that Defendant does not meet his burden to demonstrate subject matter jurisdiction. A defendant may remove civil actions in which a federal question exists or in

which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  In the Civil Cover Sheet attached to the Notice of Removal, Defendant indicates that the basis for jurisdiction is federal question.  (See Civil Cover Sheet.)  In the "nature of suit" section, he ticked the boxes for "foreclosure" of real property and "other civil rights.")  (Id.)  The Court has reviewed every page of the Notice of Removal.  From its review, the Court cannot find any claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  While the Court is forced to guess at the underlying nature of the dispute because of the procedural defects in the Notice of Removal referenced above, the Court infers that it concerns a foreclosure on Defendant's property, a subject matter arising under and governed by the laws of the State of California, not federal law.  The Court also has no basis to conclude that the parties are diverse.  The Civil Cover Sheet does not indicate that Defendant believes the parties are citizens of different states.  Defendant ticked the box indicating that he is a citizen of California, but nowhere indicates that the plaintiff is a citizen of another state; he lists the county of residence of the "first listed plaintiff" as Riverside, California.  (See Civil Cover Sheet.)  Because Defendant has not met his burden to demonstrate subject matter jurisdiction, the Court is required to remand the case.  See 28 U.S.C. § 1447; Gaus, 980 F.2d at 566; Duncan, 76 F.3d at 1485; Abrego, 443 F.3d at 683-685; Lockyer, 375 F.3d at 838; Moore-Thomas, 553 F.3d at 1244; Emrich, 846 F.2d at 1195.

### III.   CONCLUSION

For the reasons above, the Court **REMANDS** the action to the Superior Court for the County of Riverside.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**